## COCKINS v. COOK.

### No. 19,515; July 31, 1895.

#### 41 Pac. 406.

**Pleading—Variance.**—Under Code of Civil Procedure, section 469, providing that no variance between the allegation in a pleading and the proof is to be deemed material unless it has misled the adverse party, where a complaint by a judgment creditor of a corporation against a stockholder alleges that the debt was contracted on June 1st, proof that it was contracted on August 20th is not a fatal variance.

APPEAL from Superior Court, Los Angeles County; Walter Van Dyke, Judge.

Action by William W. Cockins against Joseph A. Cook to recover from defendant the proportion of a judgment against a corporation due from defendant as a stockholder thereof. Judgment was rendered for plaintiff, and defendant appeals. Affirmed.

Cole & Cole for appellant; White & Monroe for respondent.

BELCHER, C.—The Artesian Land and Water Company, a corporation, issued twenty bonds for $1,000 each, dated June 1, 1888, and secured by a mortgage on its corporate property. The defendant, Cook, became the owner of two hundred and seventy shares of the capital stock of said company on the twentieth day of June, 1888, and he continued to be the owner thereof until the twentieth day of November, 1888. The said mortgage was subsequently foreclosed by plaintiff, and under the decree rendered the mortgaged premises were sold. The sum realized from the sale was not enough to satisfy the amount found due the plaintiff on the bonds, and thereupon a judgment against the said company for the deficiency was docketed in his favor. The plaintiff commenced this action to recover from the defendant his proportionate share of the said deficiency judgment, under section 322 of the Civil Code. The complaint alleges, among other things, that the bonds were "made, executed, and issued" on the first day of June, 1888, and that "at all of said dates

and during all of said times, and during and at the time and respective times when said debt was incurred . . . . and the said bonds and mortgage were made, executed, and delivered by said corporation aforesaid to this plaintiff, the said defendant, Joseph A. Cook, was a stockholder,'' etc. The answer alleges that although said bonds bear date on the first day of June, 1888, ''yet the same were not made, executed, and issued, or made, executed, or issued, at the date herein last mentioned nor were said bonds sold and negotiated, or sold or negotiated,'' prior to the month of October, 1889; and denies that defendant ''was at the time of the commencement of this action, or at any time subsequent to the month of October, 1889, an owner and holder, or owner or holder, as original subscriber or otherwise,'' of any shares of the capital stock of said corporation. At the trial it was proved that the bonds ''were not issued by the company or delivered to anybody, and no indebtedness was incurred upon them by the company until the twentieth day of August, 1888, or a day or two thereafter, when they were delivered by the company,'' etc. And the court found that the bonds were delivered by the company on or about the twentieth day of August, 1888, ''and at that date the said company incurred an indebtedness on said bonds.'' Judgment was accordingly entered against the defendant for his proportion of the deficiency judgment, from which, and from an order denying a new trial, he appeals.

The appellant contends that there was a fatal variance between the allegations of the complaint and the proofs as to the time when the indebtedness was incurred; and this is the only point made for a reversal. We do not think this point can be sustained. The general rule invoked that the allegata and probata should correspond is undoubtedly correct, but it does not apply here. The code provides: ''No variance between the allegation in a pleading and the proof is to be deemed material, unless it has actually misled the adverse party to his prejudice in maintaining his action or defense upon the merits'': Code Civ. Proc., sec. 469. The main issue at the trial was as to whether defendant was or was not a stockholder at the time the indebtedness was incurred, and it seems impossible that he could have been misled to his prejudice by the averment in the complaint that the bonds were ''made,

excuted, and issued" on the first day of June, 1888. The judgment and order should be affirmed.

We concur: Searls, C.; Vanclief, C.

PER CURIAM.—For the reasons given in the foregoing opinion, the judgment and order are affirmed.